UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KUANG-BAO P. OU-YOUNG,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>TERESA S. REA, et al.,<br><br>　　　　　　Defendants. | Case No.: 5:13-cv-03118-PSG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket Nos. 7, 12, and 20)** |

Before the court are Defendants Teresa S. Rea, Margaret A. Focarino, Donald T. Hajec, Jason J. Boeckmann, and Thurman K. Page's (collectively, "Defendants") motion to dismiss, Plaintiff Kuang-Bao P. Ou-Young's ("Plaintiff") motion for disqualification of the presiding judge, and Plaintiff's motion for summary judgment. Pursuant to Local Civil Rule 7-1(b), the Court concludes that these motions are appropriate for determination without oral argument.[1] Having considered the papers the court DENIES Plaintiff's motion for disqualification of the undersigned

---

[1] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

1
Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

judge, GRANTS Defendants' motion to dismiss, and DENIES-AS-MOOT Plaintiff's motion for summary judgment.

## I. BACKGROUND

This case stems from Plaintiff's disagreement with U.S. Patent and Trademark Office ("PTO") over the patentability of Plaintiff's patent application for "High Volume Dripping Hoses."[2] On July 5, 2013, Plaintiff filed a complaint alleging that Plaintiff's patent application was subject to fabricated anticipation and obviousness rejections to "intimidate plaintiff into abandoning his patent applications."[3] The complaint alleges that the "examiner conspired with the USPTO for the agency to deny plaintiff's petitions for review."[4] Plaintiff now "seeks to hold the examiner and the USPTO accountable for these criminal offenses."[5] Plaintiff also "seeks to recover damages from severe mental stress caused by such criminal practices."[6]

## II. LEGAL STANDARDS

### A.   Motion to Dismiss Under Rule 12(b)(1)

A motion to dismiss pursuant to Rule 12(b)(1) tests whether a complaint alleges grounds for federal subject matter jurisdiction. A jurisdictional challenge under Rule 12(b)(1) may be facial or factual.[7] Where the attack is facial, the court determines whether the allegations contained in the complaint are sufficient on their face to invoke federal jurisdiction, accepting all material

---

[2] U.S. Patent Application No. 11/482703. See Docket No. 1-1, Ex. II (published patent application). The court draws the following facts, taken as true for the purposes of this motion to dismiss, from the complaint. *See* Docket No. 1.

[3] *Id.* at ¶ 4.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

2
Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

allegations in the complaint as true and construing them in favor of the party asserting jurisdiction.[8] Where the attack is factual, however, "the court need not presume the truthfulness of the plaintiff's allegations."[9] In resolving a factual dispute as to the existence of subject matter jurisdiction, a court may review extrinsic evidence beyond the complaint without converting a motion to dismiss into one for summary judgment.[10]

Once a defendant moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff bears the burden of establishing the court's jurisdiction.[11] To satisfy this burden the plaintiff must present admissible evidence.[12] The court is presumed to lack subject matter jurisdiction until the plaintiff proves otherwise.[13]

**B.   Motion to Disqualify**

28 U.S.C. § 455(a) provides that a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

---

[8] *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

[9] *Safe Air for Everyone*, 373 F.3d at 1039.

[10] *See id.*; *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (holding that a court "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction").

[11] *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." (citations omitted)); *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010) ("The party asserting federal subject matter jurisdiction bears the burden of proving its existence.").

[12] *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989).

[13] *See Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) ("A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."); *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

C. **Summary Judgment**

Summary judgment is appropriate only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[14] The moving party bears the initial burden of production by identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a triable issue of material fact.[15] If the moving party is the defendant, he may do so in two ways: by proffering "affirmative evidence that negates an essential element" of the nonmoving party's claim, or by demonstrating "the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[16] If met by the moving party, the burden of production then shifts to the non-moving party, who must then provide specific facts showing a genuine issue of material fact for trial.[17] The ultimate burden of persuasion, however, remains on the moving party.[18] In reviewing the record, the court must construe the evidence and the inferences to be drawn from the underlying evidence in the light most favorable to the nonmoving party.[19]

---

[14] Fed. R. Civ. P. 56(a).

[15] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[16] *Celotex*, 477 U.S. at 331.

[17] *See id.* at 330; *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) ("Rule 56 provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (citing Fed. R. Civ. P. 56(c)).

[18] *Celotex*, 477 U.S. at 330 (the "ultimate burden of persuasion" always "remains on the moving party").

[19] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (noting that "all evidence must be construed in the light most favorable to the party opposing summary judgment"); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (on "summary judgment the inferences to be drawn from the underlying facts" must "be viewed in the light most favorable to the party opposing the motion").

4
Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### III. ANALYSIS

**A.   Motion for Disqualification of the Undersigned Judge**

Plaintiff moves for disqualification of the undersigned judge, because the court vacated the initial case management conference on September 6, 2013 and the October 22, 2013 hearing regarding Defendants' motion to dismiss.  Plaintiff argues that two orders vacating hearing dates indicate "sufficient bias against plaintiff" to disqualify the undersigned from the present case.[20]  In light of the wide discretion afforded to judges of this district pursuant to Civil L.R. 7-1(b) to consider motions on the papers,[21] and the court's inherent authority – and indeed responsibility – to manage its limited resources and docket as efficiently as it can, the court does not find any basis upon which the impartiality of the undersigned "might reasonably be questioned."[22]  Plaintiff's motion for disqualification of the undersigned judge is DENIED.

**B.   Motion to Dismiss Under Rule 12(b)(1)**

Defendants argue that Plaintiff's complaint must be dismissed in its entirety because all of Plaintiff's claims are based on Plaintiff's disagreement with the PTO's substantive rejection of Plaintiff's patent claims.[23]  If Plaintiff wanted to challenge the rejection of his patent claims

---

[20] *See* Docket No. 20 at 3.

[21] *See supra* note 1.

[22] This court routinely continues case management conferences pending resolution of Rule 12 motions.  The court also notes that this court, and others in this district, vacated or continued hearing dates in which the government was a party in light of the recent government shutdown.

[23] Plaintiff argues that his patent application was erroneously rejected because it "stands to reason that if prior art fails to anticipate an invention, the invention is non-obvious."  Docket No. 1 at 2. Plaintiff also argues that the obviousness rejections were improper because they were based on an imaginary device resulting from the combination of two prior art references.  *See id.*  While Plaintiff is free to present such arguments in the appropriate forum, the court notes that such arguments do not appear to consider the holdings of the Federal Circuit on the subject. *See, e.g. Comaper Corp. v. Antec, Inc.*, 596 F.3d 1343, 1351-52 (Fed. Cir. 2010) ("An invention is unpatentable as obvious, even if it is not anticipated, if "two or more pieces of prior art could be combined, or a single piece of prior art could be modified, to produce the claimed invention.").

5
Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff should have filed an appeal to the Patent Trial and Appeal Board ("PTAB").[24]  Defendants further note that Plaintiff's complaint does not identify a legal basis for bypassing the statutory appeal process applicable to this, and indeed all, patent applications.  Because Plaintiff failed to exhaust his administrative remedies by appealing the rejections of his patent claims to the PTAB, Defendants conclude, this court has no jurisdiction to hear Plaintiff's complaint.[25]

The court agrees with Defendants.  Plaintiff brings (1) thirty-two criminal claims pursuant to 18 U.S.C. §1512, (2) four criminal conspiracy claims pursuant to 18 U.S.C. § 371, and (3) one tort claim pursuant to 28 U.S.C. §§ 2671-2680.[26]  Apart from the fact that private parties may not generally pursue claims brought under a criminal statute,[27] these claims are all plainly grounded in Plaintiff's dispute with the PTO.  Plaintiff therefore was required to exhaust his administrative

---

[24] *See* 35 U.S.C. 134(a) ("An applicant for a patent, any of whose claims has been twice rejected, may appeal from the decision of the primary examiner to the Patent Trial and Appeal Board, having once paid the fee for such appeal.").

[25] *See Dunn v. Doll*, Case No. 3:07-cv-04641-EDL, 2007 WL 3203041, at *2-3 (N.D. Cal. Oct. 29, 2007) (dismissing complaint due to lack of jurisdiction to hear complaint based on PTO's denial of patent claims and noting the statutory scheme providing for appeals by patent applicants).

[26] Plaintiff alleges that PTO personnel (1) fabricated anticipation and obviousness rejections, denial of review petitions, and notice of abandonments; (2) issued anticipation and obviousness rejections and denied review petitions to intimidate Plaintiff into abandoning his patent application; (3) conspired to fabricate a notice of abandonment and a denial of a review petition; and (4) are liable under the Federal Tort Claims Act ("FTCA").

[27] *See Del Elmer; Zachay v. Metzger*, 967 F. Supp. 398, 403 (S.D. Cal. 1997) ("Civil causes of action, however, do not generally lie under the criminal statutes contained in Title 18 of the United States Code.").  Plaintiff has cited no authority, and the court knows of none, holding that a plaintiff can bring civil causes of action under 18 U.S.C. § 1512 or 18 U.S.C. § 371.
*See also Bey ex rel Graves v. Richmond Redevelopment & Hous. Auth.*,
Case No.: 3:13-cv-464-HEH, 2013 WL 4066945, at *5 (E.D. Va. Aug. 9, 2013) (18 U.S.C. § 1512 is a criminal statute with no private cause of action); *Roberts v. Choate Const. Co.*,
Case No.: 5:11-cv-120-OC-32TBS, 2011 WL 5006469, at *2 (M.D. Fla. Oct. 20, 2011)
("§ 1512 does not provide any language that creates a private right of action.  The statute uses language such as imprisonment, fine, and punished, which are terms used in criminal statutes, and are not generally associated with civil remedies.") (citation omitted);
*McNeal v. Blackwell-Hatcher*, Case No. 08-cv-10588, 2009 WL 236067, at *3
(E.D. Mich. Jan. 29, 2009) (private parties have no authority to seek relief under 18 U.S.C. § 371, a criminal statute); *Nagy v. George*, Case No. 3:07-CV-368-K, 2007 WL 2122175, at *9 n.16 (N.D. Tex. July 23, 2007) ("§ 371 is a criminal statute that defines the offense of conspiracy against the United States" and there "is no right to bring a civil cause of action under § 371.").

6
Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

remedies by filing an appeal with the PTAB. Plaintiff does not allege that he did so. On this basis alone, the court does not have jurisdiction.

The court also notes that it does not have jurisdiction to hear Plaintiffs' FTCA claim because Plaintiff has not filed the necessary administrative claim with the PTO.[28] Plaintiff suggests in his response to the Agency's Notice of Abandonment of his patent application that he considered the two petitions he had previously filed with the agency to satisfy the administrative claim requirement.[29] Plaintiff's petitions do not meet, however, the requirement for at least two reasons.[30] First, the petitions were not filed with the PTO's General Counsel as required by 37 C.F.R. § 104.41.[31] Second, decisions on the two petitions were not made by the PTO Director or the General Counsel as required by 37 C.F.R. §104.42.[32] Because Plaintiff's petitions do not satisfy the FTCA's requirement of agency exhaustion, Plaintiff's FTCA claim is DISMISSED. Because any amendment would appear to be futile, this dismissal is WITHOUT LEAVE TO AMEND.

---

[28] *See Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) (noting the FTCA "provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim.").

[29] *See* Docket No. 1-5 at 23 ("This filing is a response to the Notice of Abandonment mailed on December 11, 2012. In the Notice of Abandonment, the examiner noted that the petitions for review filed on June 16 and July 24, 2012 failed to reply properly to the preceding rejections under 37 C.F.R. § 1.113. Contrary to the examiner's claim, these two petitions were filed under 28 U.S.C. § 2675 (the FTCA) and 37 C.F.R. § 1.182."); *see also* Docket No. 1-5 at 1-8, 13-20 (Plaintiff's petitions for review).

[30] Defendants also argue that neither petition includes "a claim for money damages in a sum certain" as required pursuant to 28 C.F.R. §14.2. Defendants concede that Plaintiff could color his request for returned fees as a money damages claim. Because the court concludes Plaintiff's FTCA claim falls short on independent grounds, the court does not reach this issue.

[31] *See* 37 C.F.R. § 104.41 ("Administrative claims against the Office filed pursuant to the administrative claims provision of the Federal Tort Claims Act (28 U.S.C. 2672) and the corresponding Department of Justice regulations (28 CFR Part 14) shall be filed with the General Counsel as indicated in § 104.2.").

[32] 37 C.F.R. § 104.42 ("Only a decision of the Director or the General Counsel regarding settlement or denial of any claim under this subpart may be considered final for the purpose of judicial review.").

7
Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING-AS-MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### C. Motion for Summary Judgment

In response to Defendants' motion to dismiss, Plaintiff filed a combined cross-motion for summary judgment and opposition to Defendants' motion to dismiss. Because the court does not have jurisdiction over Plaintiff's claims, it cannot adjudicate the merits of Plaintiff's claims. Plaintiff's motion for summary judgment is DENIED-AS-MOOT.

**IT IS SO ORDERED.**

Dated: November 4, 2013

*/s/ Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge