**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| KUANG-BAO P. OU-YOUNG, | ) | Case No.: 5:13-cv-03118-PSG |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| | ) | **TO VACATE JUDGMENT AND MOTION** |
| v. | ) | **FOR LEAVE TO FILE A MOTION FOR** |
| | ) | **RECONSIDERATION OF THE COURT'S** |
| TERESA S. REA, et al., | ) | **ORDER DENYING PLAINTIFF'S MOTION** |
| | ) | **FOR DISQUALIFICATION OF THE** |
| Defendants. | ) | **PRESIDING JUDGE** |
| | ) | |
| | ) | **(Re: Docket Nos. 24, 27, and 28)** |

On November 4, 2013, the court granted Defendants Teresa S. Rea, Margaret A. Focarino, Donald T. Hajec, Jason J. Boeckmann, and Thurman K. Page's motion to dismiss the case in its entirety and denied Plaintiff Kuang-Bao P. Ou-Young's leave to amend.[1]  Through its order the court also denied Ou-Young's motion for disqualification of the presiding judge and Ou-Young's motion for summary judgment.[2]  Now before the court are Ou-Young's two motions for leave to

---

[1] *See* Docket No. 22.

[2] *See id.*

1

Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION FOR
LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE

file a motion for reconsideration of the court's order denying Ou-Young's motion to disqualify the presiding judge and a motion to vacate judgment pursuant to Fed. R. Civ. P. 60(b)(6).[3]

Pursuant to Local Civil Rule 7-1(b), the Court concludes that these motions are appropriate for determination without oral argument.[4]  For the reasons set forth below, the court DENIES both motions.

In the interests of expediency the court turns directly to the motions before it.  Unfamiliar readers are directed to the court's prior order dismissing the case in its entirety without leave to amend.[5]

## I. LEGAL STANDARDS

**A.      Motion for Reconsideration**

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[6]  Civ. L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

---

[3] *See* Docket Nos. 24, 27, and 28.

[4] *See* Civil L.R. 7-1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call.").

[5] *See* Docket No. 22.

[6] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION FOR
LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   "Indeed, a motion for reconsideration should not be granted, absent highly unusual

2   circumstances, unless the district court is presented with newly discovered evidence, committed

3   clear error, or if there is an intervening change in the controlling law."[7]  "A Rule 59(e) motion may

4   not be used to raise arguments or present evidence for the first time when they could reasonably

5   have been raised earlier in the litigation."[8]  Here, Ou-Young seeks leave to move for

6   reconsideration based on their belief that the court committed clear error through a manifest failure

7   by the court to consider material facts or dispositive legal arguments.

8   **B.      Motion to Disqualify**

9       28 U.S.C. § 455(a) provides that a federal judge "shall disqualify himself in any proceeding

10  in which his impartiality might reasonably be questioned."

11  **C.      Motion to Vacate Judgment**

12      Rule 60(b)(6) constitutes a catchall provision that allows a court to grant reconsideration in

13  an effort to prevent manifest injustice in "extraordinary circumstances."[9]  It provides: "On motion

14  and just terms, the court may relieve a party or its legal representative from a final judgment, order,

15  or proceeding" for "any other reason that justifies relief."[10]  "The rule is to be utilized only where

16  extraordinary circumstances prevented a party from taking timely action to prevent or correct an

17  erroneous judgment."[11]

18

19

20

21

22

23  _____

    [7] *Id.*

24  [8] *Id.*

25  [9] *See United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

26  [10] Fed. R. Civ. P. 60(b)(6).

27  [11] *Alpine Land,* 984 F.2d at 1049.

28  3

Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION FOR
LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE

United States District Court
For the Northern District of California

## II. DISCUSSION

**A.      Motion for Disqualification of the Undersigned Judge**

Ou-Young argues that the undersigned has engaged in "fraud and misrepresentation" because the undersigned "knowingly violated 28 U.S.C. § 144 and fabricated the dismissal judgment."[12]  In support, Ou-Young points out the court vacated the initial case management conference on September 6, 2013, and the October 22, 2013, hearing regarding Defendants' motion to dismiss.  Ou-Young previously argued that two orders vacating hearing dates indicate "sufficient bias against plaintiff" to disqualify the undersigned from the present case.[13]

As to the vacated hearings in this case the court previously explained that in "light of the wide discretion afforded to judges of this district pursuant to Civil L.R. 7-1(b) to consider motions on the papers,[14] and the court's inherent authority – and indeed responsibility – to manage its limited resources and docket as efficiently as it can, the court does not find any basis upon which the impartiality of the undersigned 'might reasonably be questioned.'"[15]  The court further noted that it "routinely continues case management conferences pending resolution of Rule 12" motions and that the second hearing was vacated "in light of the government shutdown."[16]  Ou-Young has

---

[12] Docket No. 27 at 3; *see also* 28 U.S.C. § 144 ("Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.  The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.").

[13] *See* Docket No. 20 at 3.

[14] *See supra* note 4.

[15] Docket No. 22 at 5.

[16] *Id.* at 5, n.22.

4

Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION FOR
LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE

1    not cited conflicting authority or new factual circumstances suggesting the court's initial

2    determination was erroneous.

3         Ou-Young separately moves to disqualify the undersigned from presiding over what

4    Plaintiff characterizes as his appeal in this case.  Ou-Young's argument is off-target.  While

5    28 U.S.C. § 47 does provide that no "judge shall hear or determine an appeal from the decision of a

6    case or issue tried" by him, Ou-Young has not cited any case law suggesting that a Rule 60(b)(6)

7    motion constitutes an appeal for the purposes of considering 28 U.S.C. § 47.  With good reason –

8    the court's research suggests the opposite.  Judge Illston has noted in separate orders in another

9    case Ou-Young was a party to that "the undersigned judge does not need to recuse herself under

10   28 U.S.C. § 47 because section 47 does not apply to plaintiff's motion to vacate the judgment."[17]

11   Earlier in that case the court noted, "a Rule 60(b) motion is not an appeal,"[18] and therefore "a

12   Rule 60(b) motion should be decided by the district court in which the original judgment was"

13   entered.[19]

14        Ou-Young's motion for disqualification of the undersigned judge is DENIED.

15   **B.    Motion to Vacate Judgment**

16        The Ninth Circuit has cautioned that Rule 60(b)(6) "is to be 'used sparingly as an equitable

17   remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

18   prevented a party from taking timely action to prevent or correct an erroneous judgment.'"[20] "A

---

[17] *Ou-Young v. Roberts*, Case No.: 3:13-cv-03676-SI, 2013 WL 6842747, at *1
(N.D. Cal. Dec. 27, 2013).

[18] *Ou-Young v. Roberts*, Case No. 3:13-cv-03676-SI at 1-2 (N.D. Cal. Nov. 25, 2013) (citing
*McCarthy v. Mayo*, 827 F.2d 1310, 1318 (9th Cir. 1987) ("Rule 60(b) cannot be used as a
substitute for an appeal.")).

[19] *Id.* (denying Ou-Young's motion to disqualify) (citing *Bankers Mortg. Co. v. United States*, 423
F.2d 73, 78 (5th Cir. 1970)).

[20] *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008).

5

Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION FOR
LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE

United States District Court
For the Northern District of California

party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'"[21] A Rule 60(b) motion may not be used to relitigate the issues central to the merits of the case.[22]

Ou-Young has failed to establish that he is entitled to relief under Rule 60(b).  Ou-Young has not presented the Court with any evidence of fraud or circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.  In his motion, Ou-Young argues the judgment should be vacated because (1) the undersigned should have disqualified himself and (2) the order dismissing this action erroneously relied on argument supplied by the Defendants.  As to the first issue, the court has now ruled on three motions as to whether disqualification is warranted in this case and has, all three times, found disqualification is not warranted.  The court will not revisit its reasoning here.  As to the second, Ou-Young's argument challenges Defendants' papers, not the court's order.  At bottom, Ou-Young's arguments constitute an attempt to relitigate issues central to the merits of Ou-Young's case.  "As the merits of a case are not before the court on a Rule 60(b) motion," Plaintiff's Rule 60(b) motion fails.[23]

**IT IS SO ORDERED.**

Dated: January 14, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[21] *Id.*

[22] *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1261 (9th Cir. 2004); *Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir. 1995).

[23] *Casey*, 362 F.3d at 1261.

6

Case No.: 5:13-cv-03118-PSG
ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT AND MOTION FOR
LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE